UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

Shearer's Foods, LLC,

        Plaintiff,

v.                                                                                  Civil Action No. 3:21-cv-00161-BSM

Symmetry Energy Solutions, LLC,

        Defendant.

# AGREED PROTECTIVE ORDER

        The Court issues this Protective Order to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure. Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation.

1. As used in this Protective Order, "Confidential Information" is defined as documents or information containing: (i) personally identifiable information, including social security numbers, bank or other financial account information, tax information, date of birth and other sensitive personal information; (ii) confidential proprietary and business information and/or trade secrets; and (iii) information whose disclosure is restricted or prohibited by statute, agreement or otherwise. "Highly Confidential Information" is defined as documents or information containing highly confidential proprietary and business information and/or trade secrets, the disclosure of which would create a substantial risk of serious financial or other injury that cannot be avoided by less restrictive means.

2. Documents or discovery responses containing Confidential Information or Highly Confidential Information disclosed or produced by any party in this litigation are referred to as "Protected Documents." Except as otherwise indicated below, all documents or

discovery responses designated by the producing party as "Confidential" or "Highly Confidential" and which are disclosed or produced to the attorneys for the other parties to this litigation are Protected Documents and are entitled to confidential treatment as described below.

3. Protected Documents shall not include (a) advertising materials, (b) materials that on their face show that they have been published to the general public, or (c) documents that have been submitted to any governmental entity without request for confidential treatment.

4. The party initiating discovery or otherwise requesting information or documents is hereinafter called the "Requesting Party." The party who produces or submits documents or other written materials is hereinafter called the "Producing Party." The Producing Party shall cause the copies of any such documents containing information that is Confidential Information or Highly Confidential Information to be marked with a stamp or marking reading "Confidential-Subject to Protective Order" or "Highly Confidential-Subject to Protective Order" (the "Confidentiality Stamp"), provided that the Producing Party in good faith believes the document contains Confidential Information or Highly Confidential Information. As used in this Protective Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information or Highly Confidential Information. The Confidentiality Stamp may not in any manner obscure the words or content or information of the documents produced. Any party may also affix a Confidentiality Stamp to any written discovery responses that the Producing Party in good faith believes contains Confidential Information or Highly Confidential Information.

5. Inadvertent or unintentional production of documents or information containing

Confidential Information which are not designated "confidential" or "highly confidential" shall not be deemed a waiver in whole or in part of a claim for confidential treatment, so long as a claim of confidentiality is asserted within fifteen (15) days of discovery of the inadvertent failure.

6. At any time after the delivery of Protected Documents, counsel for the party or parties receiving the Protected Documents may challenge the Confidential or Highly Confidential designation of all or any portion thereof by providing written notice thereof to counsel for the party disclosing or producing the Protected Documents. If the parties are unable to agree as to whether the confidential designation of discovery material is appropriate, the party or parties receiving the Protected Documents shall certify to the Court that the parties cannot reach an agreement as to the confidential nature of all or a portion of the Protected Documents. Thereafter, the party or parties disclosing or producing the Protected Documents shall have ten (10) days from the date of certification to file a motion for protective order with regard to any Protected Documents in dispute. The party or parties producing the Protected Documents shall have the burden of establishing that the disputed Protected Documents are entitled to confidential treatment. If the party or parties producing the Protected Documents do not timely file a motion for protective order, then the Protected Documents in dispute shall no longer be subject to confidential treatment as provided in this Order. All Protected Documents are entitled to confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary, a party fails to timely move for a protective order, or a contrary determination is made by the Court as to whether all or a portion of a Protected Document is entitled to confidential treatment.

7. Deposition testimony will be deemed confidential only if designated as such when the deposition is taken or within thirty (30) days after receipt of the deposition transcript. Such designation may be accomplished in writing (e.g., an email from counsel for the designating party to counsel for the receiving party) and must be specific as to the portions of the transcript and/or any exhibits to be protected. Notwithstanding the foregoing, counsel for a party or non-party deponent may during a deposition, and on the record, provisionally designate the entire deposition transcript and all exhibits as Confidential or Highly Confidential, provided that specific portions of the transcript and/or any exhibits to be protected are designated as Confidential or Highly Confidential within thirty (30) days after receipt of the deposition transcript.

8. Confidential Treatment. Protected Documents and any information contained therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for below.

9. Confidential documents and any information contained therein shall be disclosed only to the following persons ("Qualified Persons"), all of whom shall be bound by the provisions of this Order:

   (a) The parties of this action, including any employees, agents, and representatives of the parties;

   (b) Counsel of record to the parties herein, including all regular employees of counsel such as legal assistants, secretaries and other support staff, so long as all persons are informed of the Protective Order and agree in writing to abide by its terms;

   (c) The Court and court personnel;

   (d) Court reporters, recorders, and videographers engaged for depositions;

   (e) Any mediator appointed by the Court or jointly selected by the parties;

   (f) Outside experts or consultants retained by counsel for the sole purpose of assistance in this action, but only after such persons have completed the certification contained

        in Attachment A, Acknowledgment and Agreement to be Bound;

- (g) Any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent such confidential documents or information will assist the witness in recalling, relating, or explaining facts or in testifying, and only after such persons have completed the certification contained in Attachment A;

- (h) The author or recipient of the document (not including a person who received the document in the course of the litigation);

- (i) Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation; and

- (j) Other persons only upon consent of the Producing Party and on such conditions as the parties may agree.

Confidential documents and any information contained therein shall be used solely for the prosecution of this litigation.

10. Highly Confidential documents and any information contained therein shall be disclosed only to the following Qualified Persons, all of whom shall be bound by the provisions of his Order:

- (a) Inside and outside counsel for the named parties in these Proceedings, and employees, contractors, and agents of such attorneys to whom it is necessary that the material be shown for purposes of these Proceedings, including partners, associates, paralegals, secretaries, legal assistants, and contractors or vendors involved in the collection, storage, organization, and/or review of documents produced in these Proceedings;

- (b) Independent experts or consultants specifically retained for the purpose of consulting in the preparation of these Proceedings;

- (c) Persons who authored or, prior to commencement of this litigation, received, saw, or were otherwise familiar with the documents, testimony, or information designated "Highly Confidential," including any persons otherwise familiar with the Highly Confidential Information contained therein, but only to the extent of that person's prior familiarity with the Highly Confidential Information;

- (d) The Court and its staff, including the clerks of the Court, court reporters, any special master appointed by the Court, and other persons who have access to Highly Confidential Information by virtue of their position with the Court;

- (e) Any mediators and their direct staff;

5

(f) Litigation support vendors engaged by the parties or their counsel for assistance in this proceeding, including reporters and recorders, persons operating video equipment in depositions, copying services, e-discovery vendors, translators, and graphics vendors; and

(g) Any other person designated as a Qualified Person by order of the Court or written agreement of the parties.

Prior to receiving any Confidential Information or Highly Confidential Information, any Qualified Person other than court personnel, court reporters or inside or outside counsel for a party and such counsel's administrative staff, shall be provided with a copy of this Order and shall execute a confidentiality agreement in the form of Attachment A

11. To the extent that Protected Documents or information contained therein are used in depositions, at hearings, or at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony referring to the Protected Documents or information contained therein.

12. The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information or Highly Confidential Information pursuant to the terms of this Protective Order. Counsel for the parties must maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents, along with the originals of the forms signed by those persons acknowledging their obligations under this Order.

13. If any party wishes to file documents that have been designated as Confidential Information or Highly Confidential Information, the filing of such documentation shall be made under seal and this Order shall constitute authority for doing so, subject to further review by the Court.

14. The party or parties receiving Protected Documents shall not under any circumstances sell,

offer for sale, advertise, or publicize Protected Documents or any information contained therein.

15. This Protective Order governs the exchange and use of documents and information before trial. The parties may request appropriate orders addressing the use of Confidential Information or Highly Confidential Information at trial.

16. Nothing herein shall be deemed to restrict in any way a party or its attorneys with respect to its own documents. Nothing herein shall be deemed to prevent a party from using or disclosing information obtained from public documents or other documents legally or properly obtained, other than from a party pursuant to discovery in this litigation. Nothing herein is deemed to modify a person's or entity's existing responsibilities under any confidentiality, trade secret or non-disclosure agreement.

17. If a party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated as Confidential Information or Highly Confidential Information, the party must so notify the other party, in writing, immediately and in no event later than three (3) business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. In addition, the party must deliver a copy of this Protective Order promptly to the party in the other action that caused the subpoena to issue. The purpose of imposing these duties is to alert the interested persons to the existence of this Protective Order and to afford the parties in this case with the opportunity to try to protect their Confidential Information or Highly Confidential Information in the court from which the

subpoena or order issued. Each party shall bear the burden and the expense of seeking protection in that court of its Confidential Information or Highly Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while a party has in its possession, custody, or control Confidential Information or Highly Confidential Information of the other party to this case.

18. Whether inadvertent or otherwise and irrespective of the care that is actually exercised in reviewing the materials for privilege, the disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection, including, but not limited to, information or document that may be considered Confidential Information or Highly Confidential Information under the Protective Order, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work-product doctrine at a later date. Any party receiving any such information or document must return it upon request to the Producing Party. Upon receiving such a request as to specific information or documents, the receiving party must return the information or documents to the Producing Party within fourteen (14) days, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection. Disclosure of the information or document by the other party prior to such later designation will not be deemed a violation of the provisions of this Order.

19. After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public

record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

20. Nothing herein shall be deemed a waiver of any party's right to otherwise oppose production of information or documents for any reason.

21. If additional persons or entities become parties to this action, they must not be given access to any Confidential Information or Highly Confidential Information until they execute and file their written agreement to be bound by the provisions of this Protective Order.

22. The parties agree to extend the provisions of this Protective Order to Confidential Information or Highly Confidential Information produced in this case by third parties, if timely requested by the third party.

23. At the conclusion of this case, the Confidential Information or Highly Confidential Information shall be returned to the Producing Party or destroyed.

24. This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

Respectfully submitted,

Stephen K. Cuffman (75026)
Dylan H. Potts (2001258)
Mitchell S. Dennis (2017110)
Gill Ragon Owen, P.A.
425 W. Capitol Avenue, Suite 3800
Little Rock, Arkansas 72201
cuffman@gill-law.com
potts@gill-law.com
dennis@gill-law.com

**ATTORNEYS FOR PLAINTIFF
SHEARER'S FOODS, LLC**


Jennifer H. Doan
Arkansas Bar No. 96063
Cole A. Riddell
Arkansas Bar No. 2018051
HALTOM & DOAN
6500 Summerhill Road, Suite 100
Texarkana, TX 75503
Telephone: (903) 255-1000
Facsimile:  (903) 255-0800
Email:  jdoan@haltomdoan.com
Email:  criddell@haltomdoan.com

Nicholas J. Boyle, D.C. Bar No. 481098
Latham & Watkins LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
(202) 637-2339
Nicholas.boyle@lw.com

Johanna Spellman, Illinois Bar No. 6293851
Latham & Watkins
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
(312) 777-7039
Johanna.spellman@lw.com

**ATTORNEY FOR DEFENDANT
SYMMETRY ENERGY SOLUTIONS, LLC**

IT IS SO ORDERED AND SIGNED this __1ST_____ day of _____JULY_____,
2022.

_____
Hon. Brian S. Miller

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**Shearer's Foods, LLC,**

  **Plaintiff,**

v.               Civil Action No. 3:21-cv-00161-BSM

**Symmetry Energy Solutions, LLC,**

  **Defendant.**

**ATTACHMENT A
ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____, declare that:

1. My address is _____.

   My current employer is _____.

   My current occupation is _____.

2. I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" that is disclosed to me.

4. Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____